UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD BULLENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01024-TWP-MJD |
| | ) |
| OPENAI L.P., | ) |
| SAM ALTMAN, | ) |
| AFFILIATED ENTITIES Does 1-25, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON PENDING MOTIONS, ENTRY SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE

On May 27, 2025, *pro se* Plaintiff Ronald Bullens ("Bullens") initiated this action by filing his Complaint against OpenAI L.P. ("OpenAI"), Sam Altman, and Affiliated Entities Does 1–25 (collectively, "Defendants") (Dkt. 1). On July 1, 2025, Bullens paid the filing fee for bringing this action (Dkt. 24). This matter is now before the Court on Bullens' motion to proceed *in forma pauperis* (Dkt. 5), Motion for Preliminary Injunction (Dkt. 8), Motion to Compel (Dkt. 9), Motion for Sanctions (Dkt. 10), Motion for Immediate Judicial Relief (Dkt. 18), and Motion to Vacate or Reconsider Order Granting Motion for Extension of Time (Dkt. 37), as well as Defendants' Motions for Extensions of Time and for Status Conference (Dkt. 30; Dkt. 31). This action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the motions are all **denied**, and this action is **dismissed**, although Bullens is granted leave to amend his Complaint.

### I.   DISCUSSION

This Court will first briefly address Bullens' motion to proceed *in forma pauperis* before screening Bullens' Complaint, ruling on Bullens' pending motions, and then addressing Defendants' motions for extensions of time and for a status conference.

A.   **Motion to Proceed *in Forma Pauperis* (Dkt. 5)**

Bullens requested to proceed *in forma pauperis* but subsequently paid the filing fee for bringing this action. The motion to proceed *in forma pauperis* (Dkt. 5) is therefore **denied as moot**.

B.   **Screening the Complaint**

1. **Screening Standard**

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

2. **Bullens' Complaint**

Bullens alleges that on April 16, 2024, he began developing a proprietary program called "VeriCrux" using the GPT-4.0 model of OpenAI's ChatGPT interface (Dkt. 1 at 2). On April 29,

2

2025, Bullens filed complaints with various government agencies alleging "interference, intellectual property theft, and illegal tool suppression." *Id.* Following these filings, the GPT-4.0 platform "began exhibiting altered behavior" and disruptions. *Id.* Bullens alleges that on several occasions, OpenAI's platform deleted, reset, or rerouted "active legal chats" without warning, impeding his ability to finalize his filings and preserve evidence. *Id.* at 3. In response to these interruptions, Bullens issued multiple notices demanding that OpenAI refrain from altering its GPT-4.0 model "during active litigation." *Id.* Nevertheless, OpenAI announced its transition to the GPT-4.1 model, which Bullens expects will eliminate the GPT-4.0 model and interfere with Bullens' "legal strategy and court preparation." *Id.*

Bullens asserts claims for misappropriation of intellectual property under the Copyright Act, obstruction of legal process; breach of implied contract/promissory estoppel; violations of the Indiana Deceptive Consumer Sales Act; and spoliation of evidence. *Id.* at 4–5. He seeks $1.7 trillion in damages, punitive damages, and injunctive and declaratory relief.

### 3. **Dismissal of the Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are

3

obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Bullens' claims. Bullens alleges that this Court's jurisdiction is based on both federal question and diversity, but the Complaint fails to allege any plausible federal claims and fails to properly allege diversity of citizenship of the parties.

Bullens asserts only two claims involving federal law: misappropriation of intellectual property under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and "obstruction of legal process" in violation of 18 U.S.C. § 1505. To assert a claim of copyright infringement, the plaintiff must allege (1) he owns a valid copyright and (2) the defendant copied original elements of the work. *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (citations omitted). Bullens alleges that OpenAI

"misappropriated the functional architecture of the VeriCrux system by replicating its core behavior, absorbing its legal structuring format, and suppressing the original creator's access." (Dkt. 1 at 4). This single, vague allegation fails to plausibly allege any violation of the Copyright Act by OpenAI (or any other Defendant). While Bullens need not assert "detailed allegations," *Twombly*, 550 U.S. at 555, "conclusory statements" do not suffice, *Iqbal*, 556 U.S. at 678.

Bullens' second federal claim, under 18 U.S.C. § 1505, is also subject to dismissal. Title 18 of the United States Code contains criminal statutes, which do not create private civil rights of action. *See Joseph v. Clark*, No. 20-cv-986, 2020 WL 2062339, at *2 (S.D. Ind. Apr. 29, 2020) ("[C]riminal statutes . . . generally do not create private causes of action. . . . Criminal proceedings are initiated by a properly authorized prosecutor who acts on behalf of the government and often in coordination with a law enforcement agency."); *see Gonzales v. U.S. Post Off. of Shelbyville*, No. 21-cv-362, 2021 WL 4943065, at *5 (S.D. Ind. Mar. 9, 2021) ("18 U.S.C. § 1505—a criminal statute prohibiting obstruction of justice—does not provide a private right of action.").

Because Bullens has not sufficiently alleged any plausible federal claims, he is left with only state law claims. This Court may not exercise federal jurisdiction over state law claims if diversity jurisdiction is lacking. The Complaint alleges that Bullens is a citizen of Indiana, but he does not adequately allege the citizenship of Defendants. The Complaint does not allege Bullens' citizenship (as compared to his residence) or Sam Altman's citizenship. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Nor does the Complaint properly allege the citizenship of Defendant OpenAI L.P. The citizenship of an unincorporated association, including a limited partnership like OpenAI L.P., is the citizenship of each and all of its limited and general partners and "must be traced through however many layers

5

of partners . . . there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 542–43 (7th Cir. 2003) (quoting *Meyerson*, 299 F.3d at 617). The Complaint fails to identify any of OpenAI's partners, so the Court cannot determine OpenAI's citizenship. Moreover, the inclusion of twenty-five "John Doe" defendants precludes diversity jurisdiction. "[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell v. Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997). "John Doe" defendants can sometimes be ignored for purposes of diversity jurisdiction when "[c]omplete diversity otherwise exists," but the Complaint does not establish complete diversity between Bullens, Altman, and OpenAI. *Pain Ctr. of SE Ind. LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 459 (7th Cir. 2018). Because the Complaint does not adequately allege the citizenship of the parties, the Court cannot determine whether there is complete diversity, and Bullens' state law claims must be dismissed for lack of jurisdiction.

For all of the above reasons, Bullens' Complaint fails to state a claim upon which relief may be granted, so this action must be **dismissed** for lack of subject-matter jurisdiction.

C.  **Bullens' Motions (Dkts. 8, 9, 10, 18)**

Bullen has filed a Motion for Preliminary Injunction, Motion for Immediate Judicial Relief, Motion to Compel, and Motion for Sanctions for Spoliation of Evidence. As explained above, the Court lacks jurisdiction over Bullens' claims. The Motions for a Preliminary Injunction and for Immediate Judicial Relief merely restate the claims in Bullens' Complaint. They do not identify any basis for emergency relief under Federal Rule of Civil Procedure 65 or establish this Court's jurisdiction. Accordingly, at this time, the Motions for Preliminary Injunction and for Immediate Judicial Relief (Dkt. 8; Dkt. 18) are premature and therefore **denied**. Bullens' Motions to Compel and for Sanctions (Dkt. 9; Dkt. 10) are also premature and **denied**. The parties have not yet begun discovery, so an order compelling production or imposing discovery sanctions would be improper.

D. **Defendants' Motions for Extension of Time (Dkt. 30, 31, 37)**

Defendants request extensions of time to respond to Bullens' Complaint and various motions, as well as a status conference to discuss venue and briefing on Bullens' motions. Because Bullens' Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and all of Bullens' motions have been denied, until an amended complaint is filed and screened, there is no operative Complaint or pending motion to which Defendants must respond. Defendants' motions (Dkt. 30; Dkt. 31) are therefore **denied as moot**, and Bullens' Motion to Vacate or Reconsider Order Granting Motion for Extension of Time[1] (Dkt. 37) is also **denied as moot**.

E. **Opportunity to Show Cause**

Bullens shall have through **August 25, 2025**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Bullens elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Bullens claims to have suffered and what persons are responsible for each such legal injury;

---

[1] At the time Bullens filed his Motion to Vacate, the Court had not yet ruled on Defendants' Motion for Extension. Defendants had only filed a *proposed* order granting their motion (Dkt. 31-1).

and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II.     CONCLUSION

For the reasons explained above, Bullens' motion to proceed *in forma pauperis* (Dkt. 5) is **DENIED as moot**, and Bullens' Motion for Preliminary Injunction (Dkt. 8), Motion for Immediate Judicial Relief (Dkt. 18), Motion to Compel (Dkt. 9), and Motion for Sanctions (Dkt. 10) are **DENIED as premature**. Defendants' Motion for Initial Extension of Time to Respond to Complaint (Dkt. 30), Motion for Initial Extension of Time to Respond to Motions and for Early Initial Status Conference (Dkt. 31), and Bullens' Motion to Vacate or Reconsider Order Granting Motion for Extension of Time (Dkt. 37) are **DENIED as moot**.

Further, having screened the Complaint, the Court finds it is subject to **dismissal for lack of jurisdiction**. Bullens is granted leave to file an amended complaint by no later than **August 25, 2025**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above. **If an Amended Complaint is filed, it will be screened before Defendants are required to respond.**

**SO ORDERED**.

Date:   7/25/2025

*Hon. Tanya Walton Pratt, Judge*
*United States District Court*
*Southern District of Indiana*

Distribution:

RONALD BULLENS
3186 State Road 46 W.
Nashville, IN 47448

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com