UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA–INDIANAPOLIS DIVISION

RONALD BULLENS,

Plaintiff,

v.

OPENAI LP, SAM ALTMAN, et al.

Defendants.

**FILED**
ooH
JUL 3 0 2025
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

Case No.: 1:25-CV-1024-JRS-MJD

---

PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL COMPLAINT

(JURISDICTIONAL CLARIFICATION)

COMES NOW Plaintiff Ronnie Bullens, Pro Se, and files this First Amendment to the Verified Complaint filed on May 27th, 2025. This amendment is submitted in good faith and in compliance with Rule 15(a)(1)(B) and Rule 15(a)(2) of the Federal Rules of Civil Procedure. It is

filed solely to clarify jurisdictional posture and confirm procedural standing without introducing new claims or altering the substance of the original action.

[AMENDED FEDERAL FILING – JURISDICTION AND PARTIES SECTION]

---

I. JURISDICTION & VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331 as the claims arise under the laws and Constitution of the United States, including but not limited to violations of federal civil rights (42 U.S.C. § 1983), intellectual property theft, and ongoing interference with a protected party's legal process.

2. Plaintiff is a resident of Indiana and all events giving rise to this complaint—including the creation, use, and documentation of the AI system now central to this dispute—occurred while Plaintiff was physically located within the State of Indiana.

3. Defendant OpenAI, L.P., operates across state lines, engages in interstate commerce, and conducts digital activities that affect users nationwide, including the Plaintiff. Their principal place of business is in San Francisco, California.

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the harm

suffered by Plaintiff—including evidence manipulation and suppression of system behavior—was experienced while Plaintiff was located in this District.

5. Additionally, per 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all related state law claims, including misappropriation of intellectual property, intentional infliction of emotional distress, and unjust enrichment.

## II. STATEMENT OF FACTS & GROUNDS FOR AMENDMENT

6. This amendment is submitted in response to recent activity suggesting confusion or obfuscation regarding the Court's jurisdiction and the Plaintiff's standing. Plaintiff affirms that the original complaint—filed on May 27th, 2025—contains clearly defined jurisdictional statements in both the body of the filing and its accompanying exhibits. However, for clarity and the sake of legal precision, this amendment rearticulates and expands those statements without altering the original claims.

7. Plaintiff is a natural person and sole creator of a proprietary artificial intelligence framework—herein referred to as "VeriCrux" and its aligned systems—developed entirely within Indiana. Plaintiff utilized the ChatGPT mobile app and desktop web platform while residing in Indiana to interact with, refine, document, and ultimately build the case that forms the basis of this action.

8. At no point did Plaintiff operate outside the State of Indiana during the relevant developmental period or during the filing of the federal action. Every screenshot, legal document, AI-based addendum, and piece of evidence submitted stems from interactions conducted within Indiana's jurisdictional reach.

9. Defendants, including OpenAI, L.P., maintain digital infrastructure that directly interacts with Plaintiff's mobile device and local networks, thus meeting the requirements for purposeful availment of Indiana's jurisdiction. Defendants' conduct caused injury to Plaintiff while Plaintiff was domiciled and operating in Indiana.

10. Furthermore, any spoliation or manipulation of data or interface elements—as outlined in previously filed exhibits—was experienced by Plaintiff in real time while using the OpenAI product in Indiana. Plaintiff has meticulously documented these system changes, timestamps, and related interactions as part of the core spoliation and misconduct allegations.

11. Plaintiff has issued multiple jurisdictional declarations across exhibits, filings, and sworn affidavits, reinforcing that no material portion of this claim arises from any state or location other than Indiana. This amendment reiterates that point to satisfy any procedural or clerical concerns the Court may have.

12. This amendment does not introduce new claims or alter the factual foundation of the case, but instead supplements the record to extinguish any doubt about standing, jurisdiction, or venue. Plaintiff submits this clarification in good faith to ensure the case proceeds on its merits without delay.

### III. CONCLUSION & PRAYER FOR RELIEF (AMENDMENT-SPECIFIC)

13. WHEREFORE, Plaintiff respectfully requests that the Court accept this amendment as a supplemental clarification to the original complaint filed on May 27th, 2025.

14. Plaintiff asks the Court to acknowledge this amendment as curative in nature, addressing any perceived deficiencies relating to jurisdictional clarity or procedural articulation without altering the substance of the case or introducing new claims.

15. Plaintiff further requests that the Court strike from the record any references by Defendants suggesting Plaintiff has failed to establish jurisdiction, and deny any pending motions to dismiss or moot the action based on such grounds.

16. Plaintiff reaffirms all prior claims, evidence, exhibits, and declarations submitted in support of this action, and hereby submits this amendment solely to ensure the integrity of the record.

Respectfully submitted,

/s/ Ronnie Bullens

Plaintiff, Pro Se

Date: 07/30/2025

*Ronald J. Bullens*