UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD BULLENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-01024-TWP-MJD |
| | ) |
| OPENAI L.P., | ) |
| SAM ALTMAN, | ) |
| AFFILIATED ENTITIES Does 1-25, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING AMENDED COMPLAINT, DIRECTING ENTRY OF FINAL JUDGMENT, AND DENYING SUPPLEMENTAL MOTION**

This matter is before the Court for screening of *pro se* Plaintiff Ronald Bullens' ("Bullens") Amended Complaint (Dkt. 41). Bullens has also filed a Supplemental Urgency Motion for Immediate Injunctive Relief (the "Supplemental Motion") (Dkt. 45). For the following reasons, this matter is **dismissed without prejudice** for lack of subject-matter jurisdiction, and the Supplemental Motion is **denied as moot**.

**I.      DISCUSSION**

On May 27, 2025, Bullens filed a Complaint against OpenAI L.P., Sam Altman, and Affiliated Entities Does 1–25 (collectively, "Defendants"), alleging violations of the Copyright Act and 18 U.S.C. § 1505, breach of implied contract, violations of the Indiana Deceptive Consumer Sales Act, and spoliation of evidence (Dkt. 1 at 4–5). In its Entry of July 25, 2025, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and explained that it is subject to dismissal for failing to state a claim upon which relief may be granted (Dkt. 40). Specifically, the Court explained that the Complaint failed to adequately allege a claim under the Copyright Act, that Bullens cannot pursue civil claims under Title 18 of the United States Code, and that this Court

could not adjudicate Bullens' remaining state law claims because the Complaint failed to adequately allege the citizenship of Defendants. *Id.* at 4–6. Bullens was given an opportunity to file an amended complaint.

On July 30, 2025, Bullens filed his Amended Complaint (Dkt. 41), which asserts the same claims and alleges the same facts as the original Complaint. Bullens reports he filed the Amended Complaint "solely to clarify jurisdictional posture and confirm procedural standing without introducing new claims or altering the substance of the original action." *Id.* at 2, 5. The Amended Complaint asserts that this Court has federal question jurisdiction over this case due to "violations of federal civil rights (42 U.S.C. § 1982), intellectual property theft, and ongoing interference with a protected party's legal process," and that the Court has supplemental jurisdiction over Bullens' state law claims. *Id.* at 2–3. Bullens further alleges that defendants are subject to personal jurisdiction in Indiana. *Id.*

The Amended Complaint is similarly deficient and fails to address or cure the problems of the initial Complaint as it still fails to state a claim upon which relief may be granted. The Amended Complaint fails to allege facts satisfying the elements of a claim under the Copyright Act. *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). And Bullens' Title 18 claims are subject to dismissal because Title 18 does not create a private right of action. Bullens' new reference to 42 U.S.C. § 1983 is likewise unavailing (Dkt. 41 at 2), since a plaintiff may not sue a private citizen or company under Section 1983; only state actors may be held liable for civil rights violations. *See Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001) ("[Plaintiff] may not bring a [constitutional] claim against a private citizen who is not acting under the color of state law.").

Absent a viable federal claim establishing federal question jurisdiction under 28 U.S.C. § 1331, this Court cannot exercise supplemental jurisdiction over Bullens' remaining state law

claims. The Court must instead have diversity jurisdiction under 28 U.S.C. § 1332. Yet Bullens' Amended Complaint still fails to adequately allege the citizenship of Defendants (Dkt. 40 at 5–6 (explaining what information is needed to allege the citizenship of each party, and that the presence of "John Doe" defendants defeats diversity)). So regardless of whether an Indiana court (state or federal) might have personal jurisdiction over Defendants, this *federal* court does not have subject-matter jurisdiction over Bullens' state law claims.

In a separate response to the Court's screening entry, Bullens requests leave to again amend his complaint (Dkt. 43 at 2). The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

Here, Bullens was given an opportunity to amend his complaint, but he ignored the guidance provided in the Court's screening entry and explicitly declined to amend the facts or claims in his complaint, which suffers fatal legal defects. Based on the Court's analysis of Bullens' claims and other filings, as well as the Court's screening entry, the Court finds that further opportunities to amend would be futile. Accordingly, this action is **dismissed without prejudice**.

In his Supplemental Motion, Bullens seeks an immediate injunction halting all acts of digital evidence alteration, destruction or suppression, and sanctions as well as an order compelling Defendants to secure and produce all relevant electronically stored information. (Dkt. 45). But because this Court does not have jurisdiction to hear this case, this motion must be **denied as moot**.

## II.   CONCLUSION

The Court gave notice to Bullens regarding the deficiencies of his initial Complaint and provided him with an opportunity to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014). Because Bullens has failed to cure the deficiencies of his initial Complaint, for the reasons discussed in the screening Entry, this action is **DISMISSED without prejudice for lack of jurisdiction**, *see* 28 U.S.C. § 1915A(c) and Bullens' Supplemental Urgency Motion for Immediate Injunctive Relief, Sanctions, and Preservation Order Dkt. [45] is **DENIED as moot**.

Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED**.

Date: 8/20/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD BULLENS
3186 State Road 46 W.
Nashville, IN 47448

Avishai Don
Wilson Sonsini Goodrich & Rosati
adon@wsgr.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com