UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD BULLENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01024-TWP-MJD |
| ) | |
| OPENAI L.P., ) | |
| SAM ALTMAN, ) | |
| AFFILIATED ENTITIES Does 1-25, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING MOTION FOR EXPEDITED RULING, AND DENYING POST-JUDGMENT MOTION FOR LEAVE TO FILE AMENDED STATEMENT

This matter is before the Court on *pro se* Plaintiff Ronald Bullens' ("Bullens") post-judgment Motion for Leave to File Amended Jurisdictional Statement ("Motion for Leave") (Dkt. 48) and Motion for Expedited Ruling on Jurisdictional Clarification and Leave to Amend (Dkt. 49). Bullens initiated this action on May 27, 2025, by filing a Complaint against OpenAI L.P., Sam Altman, and "Affiliated Entities Does 1-25" (collectively, "Defendants") (Dkt. 1). On August 20, 2025, the Court entered an Order pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing this action without prejudice for lack of jurisdiction, and final judgment was entered the same day (Dkts. 46, 47). Within 28 days of final judgment, Bullens filed the instant Motion for Leave, which appears to be a request for reconsideration or relief from judgment under Federal Rule of Civil Procedure 59. For the reasons explained below, Bullens' Motion for Expedited Ruling is **granted**, as this Order provides the status of his pending motion for leave, and his Motion for Leave is **denied**.

### I.  LEGAL STANDARD

A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to

reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 07-cv-1630, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.     DISCUSSION

Bullens' original Complaint alleged violations of the Copyright Act and Title 18 of the United States Code, as well as several state law claims (Dkt. 1 at 4–5). In its Entry of July 25, 2025, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and explained that it was subject to dismissal for failing to state a claim upon which relief may be granted (Dkt. 40). The Court explained that Bullens had failed to adequately allege a claim under the Copyright Act, that he cannot pursue civil claims under Title 18, and that this Court lacked jurisdiction over any remaining state law claims because the Complaint failed to adequately allege Defendants' citizenship. *Id.* at 4–6. The Court also denied several motions filed by Bullens, including motions for immediate injunctive relief. Bullens was given an opportunity to file an amended complaint.

2

On July 30, 2025, Bullens filed an Amended Complaint (Dkt. 41), which asserted the same claims and factual allegations. According to Bullens, the Amended Complaint was filed "solely to clarify jurisdictional posture and confirm procedural standing without introducing new claims or altering the substance of the original action." *Id.* at 2, 5. The Amended Complaint stated that the Court had federal question jurisdiction over this case due to "violations of federal civil rights (42 U.S.C. § 1982), intellectual property theft, and ongoing interference with a protected party's legal process," and that the Court has supplemental jurisdiction over all state law claims. *Id.* at 2–3.

In its Entry of July 25, 2025, the Court screened the Amended Complaint and again found that it was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) (Dkt. 40). The Court explained that the Amended Complaint failed to state a claim upon which relief may be granted because it: still failed to allege facts satisfying the elements of a Copyright Act claim; continued to assert nonviable civil claims under Title 18; asserted claims against improper defendants under 42 U.S.C. § 1983; and, as to the state law claims, still failed to allege the Defendants' citizenship (Dkt. 46 at 2–3). In a separate filing, Bullens requested further leave to amend "[t]o the extent the Court believes greater *factual* specificity is required under Rule 8(a)." (Dkt. 43 at 2 (emphasis added)). However, the Court determined that further opportunities to amend would be futile and dismissed this action without prejudice (Dkt. 46 at 3). The Court also denied Bullens' supplemental motion for immediate injunctive relief. The Court entered final judgment the same day (Dkt. 47).

On August 26, 2025, Bullens filed the instant Motion requesting "leave to file an amended jurisdictional statement to cure the defect identified in the Court's recent order" regarding the Defendants' citizenship (Dkt. 48 at 1). The Motion for Leave alleges, in relevant part:

> Upon information and belief, OpenAI, L.P.'s general and limited partners are citizens of Delaware and California. . . .
>
> Sam Altman is a natural person and, upon information and belief, a citizen of the State of California. . . .

3

> To the extent any unnamed parties are later identified in discovery, Plaintiff reserves the right to supplement this jurisdictional statement.

*Id.* at 2. Bullens did not submit a proposed second amended complaint with his Motion for Leave.

Bullens' timely post-judgment Motion for Leave (Dkt. 48) will be treated as a Rule 59 motion to alter or amend the judgment. The Motion recites jurisdictional allegations that Bullens believes establish the Court's diversity jurisdiction over this action. However, it does not draw to the Court's attention any manifest error of law or fact, or any newly discovered evidence. "The decision to deny leave to file a second amended complaint is within the reasoned discretion of the district court." *Wade v. WellPoint, Inc.*, 892 F. Supp. 2d 1102, 1125 (7th Cir. 2012) (citing *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002); *DeSalle v. Wright*, 969 F.2d 273, 277 (7th Cir. 1992)). Having determined that Bullens' Amended Complaint "ignored the guidance provided in the Court's screening entry and explicitly declined to amend the facts or claims in his [original] complaint, which suffers fatal legal defects," and upon review of Bullens' other filings, the Court acted within its discretion when determining that further amendments would be futile (Dkt. 46 at 3).

The Court finds no error in dismissing the Amended Complaint, which fails to allege facts satisfying the elements of a claim under the Copyright Act. *Peters v. West,* 692 F.3d 629, 632 (7th Cir. 2012). Bullens' Title 18 claims were appropriately dismissed because Title 18 does not create a private right of action and Bullens may not sue a private citizen or company under 42 U.S.C. § 198, because only state actors may be held liable for civil rights violations. *See Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001) ("[Plaintiff] may not bring a [constitutional] claim against a private citizen who is not acting under the color of state law."). And absent a viable federal claim establishing federal question jurisdiction under 28 U.S.C. § 1331, this Court cannot exercise supplemental jurisdiction over Bullens' remaining state law claims.

4

Moreover, Bullens' Motion for Leave confirms that further opportunities to amend *would have* been futile because the citizenship allegations in the Motion for Leave are deficient for at least three reasons. First, they are based on "information and belief," and unsupported jurisdictional allegations based solely on information and belief cannot adequately allege citizenship. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (stating an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Second, Bullens fails to identify all the partners of OpenAI. A single generalized allegation about the citizenship of OpenAI's partners is not sufficient. (Dkt. 40 at 5–6 (explaining that all of OpenAI's partners must be identified)); *see West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" (alteration and emphasis in original) (internal citations omitted)); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("The citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. Failure to go through all the layers can result in dismissal for want of jurisdiction." (citation modified)).

And third, Bullens continues to assert claims against unknown "Affiliated Entities" and merely "reserves the right to supplement [his] jurisdictional statement" as the identities of those affiliates becomes known (Dkt. 47 at 2). The Court twice reminded Bullens that unknown defendants are not permitted in federal diversity suits because their citizenship cannot be determined (Dkt. 40 at 6 (citing *Howell v. Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 218 (7th Cir.

5

1997); Dkt. 46 at 3). Accordingly, Bullens' Motion for Leave shows that further opportunities to amend would have been futile and that the Court did not commit a manifest error of law or fact by denying further leave to amend and dismissing this action.

### III.   CONCLUSION

For the reasons stated above, Bullens' Motion for Expedited Ruling on Jurisdictional Clarification and Leave to Amend, Dkt. [49] is **GRANTED**, as this Order provides a ruling on the pending post-judgment motion. The Court determines that it did not commit a manifest error of law or fact in its orders dismissing this action, and on the merits, the amened jurisdictional statement still fails to state a claim. Additionally, there is no newly submitted evidence that justifies an amendment or alteration to the Court's previous Orders. Therefore, Bullens' post-judgment Motion for Leave to File Amended Jurisdictional Statement, Dkt. [48] is **DENIED,** and this action remains **closed**.

Nothing in this order prevents Bullens from pursing his state law claims in state court.

**SO ORDERED**.

Date:   10/21/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD BULLENS
3186 State Road 46 W.
Nashville, IN 47448

Avishai Don
Wilson Sonsini Goodrich & Rosati
adon@wsgr.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

6