# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD BULLENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01024-TWP-MJD |
| | ) |
| OPENAI L.P., | ) |
| SAM ALTMAN, | ) |
| AFFILIATED ENTITIES Does 1-25, | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING POST-JUDGMENT MOTION TO FILE SECOND AMENDED COMPLAINT, MOTION FOR TEMPORARY RESTRAINING ORDER, AND THIRD MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE

This matter is before the Court on *pro se* Plaintiff Ronald Bullens' ("Bullens") post-judgment Motion for Leave to File Second Amended Complaint (Dkt. 51), Emergency Motion for Temporary Restraining Order (Dkt. 52), and Third Motion for Leave to File Supplemental Evidence in Support of Second Amended Complaint (Dkt. 53). For the following reasons, Bullens' post-judgment motions are **denied as moot** because this action is **closed**.

Bullens initiated this action against OpenAI L.P., Sam Altman, and several unidentified defendants on May 27, 2025, asserting claims under the Copyright Act and Title 18 of the United States Code, as well as several state law claims (Dkt. 1). Bullens also filed numerous motions, including two motions for emergency injunctive relief (Dkt. 8; Dkt. 18). In the Entry of July 25, 2025, the Court gave Bullens' leave to proceed *in forma pauperis*, denied his motions, and found that his Complaint was subject to dismissal for lack of jurisdiction (Dkt. 40). The Court explained that Bullens had failed to adequately allege a claim under the Copyright Act, that he cannot pursue civil claims under Title 18, and that this Court lacked jurisdiction over any remaining state law claims because the Complaint failed to adequately allege Defendants' citizenship. *Id.* at 4–6.

Bullens was given an opportunity to file an amended complaint, which he did on July 30, 2025, followed by another motion for immediate injunctive relief (Dkts. 41, 45). Bullens' Amended Complaint did not amend any of the facts or claims asserted in his original Complaint, and merely added new claims under 42 U.S.C. § 1983. In its Entry of July 25, 2025, the Court screened the Amended Complaint and again found that it was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for many of the same reasons as his original Complaint (Dkt. 40). Bullens sought further leave to amend (Dkt. 43 at 2), but the Court determined that further opportunities to amend would be futile, dismissed the action without prejudice for lack of jurisdiction, and entered final judgment (Dkts. 46, 47).

Then, on August 26, 2025, Bullens filed a Motion for Leave to File Amended Jurisdictional Statement, seeking to remedy prior pleading deficiencies regarding Defendants' citizenship (Dkt. 48). The Court construed Bullens' motion as a request for reconsideration or relief from judgment under Federal Rule of Civil Procedure 59 and, in the Entry of October 21, 2025, denied Bullens' motion (Dkt. 50). The Court stated that "this action remains **closed**," although "[n]othing in this order prevents Bullens from pursuing his state law claims in state court." *Id.* at 6 (emphasis in original).

Between October 28 and 31, 2025, Bullens filed the three instant post-judgment motions, again attempting to amend his complaint and again seeking immediate injunctive relief. Bullens seeks to file a Second Amended Complaint expanding on his Copyright Act claims (Dkt. 51). Bullens' proposed Second Amended Complaint, like his first two complaints, alleges that he created artificial intelligence systems using ChatGPT, and that he believes OpenAI subsequently released its own program that "mimicked," but also changed, Bullens' programs (Dkt. 51-1 at 2–5). Bullens previously published "a public cease-and-desist notice to OpenAI demanding $10

million for unauthorized use and model interference," but he received no response. *Id.* at 4. Bullens alleges that OpenAI interfered with his OpenAI chat histories after he filed this lawsuit. *Id.* at 5. His Emergency Motion for Temporary Restraining Order (Dkt. 52) asks the Court to order OpenAI to "immediately cease all deletion of ChatGPT user chat logs and preserve indefinitely all logs from April 1, 2025, forward." *Id.* at 2. Bullens' further seeks leave to supplement his proposed Second Amended Complaint with largely unreadable mail tracking information related to copyright documents that Bullens purportedly sent to the Library of Congress (Dkt. 53).

Bullens' post-judgment Motion for Leave to File Second Amended Complaint (Dkt. 51), Emergency Motion for Temporary Restraining Order (Dkt. 52), and Third Motion for Leave to File Supplemental Evidence in Support of Second Amended Complaint (Dkt. 53) are **DENIED as moot** because this action was **DISMISSED** and **CLOSED** on August 20, 2025. To the extent Bullens seeks relief from the final judgment or other order of this Court, he must do so by filing a motion pursuant to Federal Rule of Civil Procedure 60, and to the extent he wishes to continue to pursue his claims against Defendants, he must do so by filing a new action in the appropriate court.

**SO ORDERED**.

Date:   11/7/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD BULLENS
3186 State Road 46 W.
Nashville, IN 47448

Avishai Don
Wilson Sonsini Goodrich & Rosati
adon@wsgr.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com