UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD BULLENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01024-TWP-MJD |
| | ) |
| OPENAI L.P., | ) |
| SAM ALTMAN, | ) |
| AFFILIATED ENTITIES Does 1-25, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON POST-JUDGMENT MOTIONS

This matter is before the Court on several post-judgment motions filed by *pro se* Plaintiff Ronald Bullens ("Bullens"), including a Motion to Reopen Case and Reinstate Second Amended Complaint (Dkt. 57), Motion for Leave to Supplement Record (Dkt. 64), Emergency Motion for Temporary Restraining Order (Dkt. 61), Motion for Limited Expedited Discovery (Dkt. 62), and Motion to Shorten Time (Dkt. 63). For the following reasons, Bullens' Motion for Leave to Supplement Record (Dkt. 64) is **granted**, his Motion to Reopen Case is **denied**, and his remaining motions are **denied as moot**. This action **remains closed**, and any further review of this Court's orders must be sought with the Seventh Circuit Court of Appeals.

### I.   BACKGROUND

Bullens initiated this action against OpenAI L.P., Sam Altman, and several unidentified defendants ("Defendants") in May 2025, asserting claims under the Copyright Act and Title 18 of the United States Code, as well as several state law claims (Dkt. 1). Bullens also filed numerous motions, including two motions for emergency injunctive relief. In the Entry of July 25, 2025, the Court gave Bullens leave to proceed *in forma pauperis*, denied his motions, and found that his Complaint was subject to dismissal because it failed to adequately allege a claim under the

Copyright Act, Bullens cannot pursue civil claims under Title 18, and he cannot pursue his remaining state law claims in this federal Court without diversity of citizenship (Dkt. 40 at 4–6).

The Court granted Bullens leave to file an amended complaint, which he did on July 30, 2025, followed by another motion for immediate injunctive relief. Bullens' Amended Complaint did not amend any of the facts or claims asserted in his original Complaint, and merely added new claims under 42 U.S.C. § 1983. In its Entry of August 20, 2025, the Court screened the Amended Complaint and again found that it was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for many of the same reasons as his original Complaint (Dkt. 46). Bullens sought further leave to amend (Dkt. 43 at 2), but the Court determined that further opportunities to amend would be futile, dismissed the action for lack of jurisdiction, and entered final judgment (Dkts. 46, 47).

Bullens then filed a post-judgment Motion for Leave to File Amended Jurisdictional Statement, seeking to remedy prior pleading deficiencies regarding diversity of citizenship (Dkt. 48). The Court construed the motion as a request for reconsideration or relief from judgment under Federal Rule of Civil Procedure 59 and, in the Entry of October 21, 2025, denied the motion (Dkt. 50).

In October, Bullens filed the three more post-judgment motions attempting to file a Second Amended Complaint and again seeking immediate injunctive relief (Dkts. 51, 52, 53). Bullens' proposed Second Amended Complaint, like his first two complaints, alleges that he created artificial intelligence systems using ChatGPT, and that he believes OpenAI subsequently released its own program that "mimicked" Bullens' programs (Dkt. 51-1 at 2–5). The Court again denied Bullens' motions as moot "because this action was **DISMISSED** and **CLOSED** on August 20, 2025." (Dkt. 54 (emphases in original)). The Court stated that if Bullens still seeks relief, he must

2

do so by filing a motion pursuant to Federal Rule of Civil Procedure 60 or by filing a new action against Defendants in the appropriate court. *Id.* at 3.

In November 2025, Bullens filed the pending Rule 60(b) Motion to Reopen and more recent Motion for Leave to Supplement the Rule 60(b) record (Dkt. 64). Defendants filed their response to the Rule 60(b) Motion on December 3, 2025 (Dkt. 59), and the next day, Bullens filed a reply brief (Dkt. 60), (fourth) Emergency Motion for Temporary Restraining Order (Dkt. 61), Motion for Limited Expedited Discovery (Dkt. 62), and Motion to Shorten Time for Response (Dkt. 63).

## II.   DISCUSSION

The Court will first address Bullens' Motion for Leave to Supplement and Rule 60(b) Motion, followed by his Emergency Motion for TRO, Motion for Limited Discovery, and Motion to Shorten Time.

### A.   Motion for Leave to Supplement (Dkt. 64)

Bullens' Motion to Supplement seeks leave to file "newly developed supporting material referenced as Exhibit 28." (Dkt. 64). Bullens explains that since he filed his Rule 60(b) Motion, he has "compiled" several new documents that support his claims. These documents include additional allegations by Bullens, an affidavit from Bullens, and an "affidavit" generated by an artificial intelligence program known as "Grok" (of X, formerly Twitter). Bullens' Motion to Supplement is **granted** to the extent that the Court will consider Exhibit 28. However, for the reasons explained below, these materials do not change the Court's conclusion that Bullens' Rule 60(b) Motion should be denied.

### B.   Rule 60(b) Motion to Reopen Case

Courts grant relief under Rule 60(b) only in exceptional circumstances. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). The Rule provides that the district

3

court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the judgment; (5) satisfaction of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

In his Rule 60(b) Motion, Bullens argues that the Court should grant him relief from the final judgment because his lawsuit was dismissed prematurely, and the Court should have accepted his proposed Second Amended Complaint. Bullens asserts that "[o]n October 28, 2025, [he] timely

submitted a Second Amended Complaint" and various exhibits, and that on "October 31, 2025, [he] filed a Motion for Leave to File Supplemental Evidence," including evidence that he had mailed documents to the United States Copyright Office (Dkt. 57 at 2). Bullens argues that the Court erred by declining to consider the Second Amended Complaint on the grounds of mootness yet referencing its content, which Bullens believes shows "potential inadvertent screening or misunderstanding of the procedural posture" by the Court. *Id.* at 3. Bullens also argues that it would be manifestly unjust to dismiss his lawsuit "without reviewing the expanded factual record" because he "made every effort to timely amend and supplement the complaint." *Id.* at 3–4.

Bullens' Rule 60(b) Motion does not draw to the Court's attention any manifest error of law or fact, or any newly discovered evidence warranting reconsideration of its decision to dismiss this action and not accept Bullens' post-judgment Second Amended Complaint. "The decision to deny leave to file [an] amended complaint is within the reasoned discretion of the district court." *Wade v. WellPoint, Inc.*, 892 F. Supp. 2d 1102, 1125 (7th Cir. 2012) (citing *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002); *DeSalle v. Wright*, 969 F.2d 273, 277 (7th Cir. 1992)). The Court's November 7, 2025 Order merely summarized Bullens' proposed pleading; the Court did not "inadvertently" screen the pleading or "misunderstand" the procedural posture of this action.

The Court's order was clear—this action was dismissed and closed on August 20, 2025. As Defendants note in their response, Bullens could not amend his complaint while the final judgment remained in effect. (Dkt. 54 at 3); *see Moran v. Calumet City*, 54 F.4th 483, 500 n.10 (7th Cir. 2022) ("[O]nce a district court has entered final judgment dismissing a case, [a] plaintiff may not amend under Rule 15(a) unless the judgment is modified, either by the district court under Rule

5

50(e) or 60(b), or on appeal."). The Court did not manifestly err in denying as moot Bullens' request to file the Second Amended Complaint.

Bullens' new evidence and allegations also do not warrant relief from the final judgment. The proposed Second Amended Complaint and Exhibit 28 allege, generally, that Bullens submitted a copyright application to the Copyright Office after the entry of final judgment, and that OpenAI has appropriated elements of another AI program created by an unknown person (Dkt. 51-1 at 9; Dkt. 64-1 at 2–3). In their response, Defendants correctly point out that "the fact that [Bullens] is *now* seeking to register his work with the U.S. Copyright Office undermines his claim for copyright infringement, because [Bullens] needed to secure registration *before* filing suit." (Dkt. 59 at 3). Although Bullens alleges that he has now began the process of registering his work with the Copyright Office, he has no viable federal copyright claim against Defendants until and unless he receives the copyright registration. Moreover, evidence that Bullens began the copyright registration process *after* the entry of final judgment fails to show that the Court committed a manifest error of law by entering final judgment.

Further, Bullens' new allegations[1] regarding Defendants' misappropriation of another person's AI-generated program has no bearing on Bullens' claims and does not show that relief from the final judgment in this case is warranted. In Exhibit 28 (Dkt. 64-1), Bullens offers allegations regarding "parallel claims of Mejaz-Ul-Haque," which Bullens extrapolates from public social media posts by "@MejazAI." Bullens claims that these allegations "underscore[] Defendants' motive to suppress grassroots IP claims." *Id.* at 2. However, any potential claims by "@MejazAI" are not relevant to the plausibility of Bullens' claims against Defendants.

---

[1] The "affidavit" by Grok, a Twitter-bot, has no evidentiary value. The Court only accepts affidavits from people.

Accordingly, the Court did not commit a manifest error of law or fact by dismissing this action and denying Bullens leave to file a post-judgment Second Amended Complaint. Bullens' Rule 60(b) Motion to Reopen Case and Reinstate Second Amended Complaint is **denied**.

## C.   Remaining Pending Motions

Because Bullens' Rule 60(b) Motion is denied and this action **remains closed**, Bullens' Emergency Motion for Temporary Restraining Order, Motion for Limited Expedited Discovery, and Motion to Shorten Time are **denied as moot**.

### III.   CONCLUSION

For the reasons stated above, Bullens' Motion for Leave to Supplement Record (Dkt. 64) is **GRANTED**, the Motion to Reopen Case and Reinstate Second Amended Complaint (Dkt. 57) is **DENIED**, and the Emergency Motion for Temporary Restraining Order (Dkt. 61), Motion for Limited Expedited Discovery (Dkt. 62), and Motion to Shorten Time (Dkt. 63) are **DENIED as moot**. This action **REMAINS CLOSED**. If Bullens desires further review of the Court's orders in this action, he must seek that review with the Seventh Circuit Court of Appeals.

**SO ORDERED**.

Date:   12/15/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD BULLENS
3186 State Road 46 W.
Nashville, IN 47448

Avishai Don
Wilson Sonsini Goodrich & Rosati
adon@wsgr.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com